FILED

MAY 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>     v.<br><br>CRAIG ALLEN OGANS, AKA Byron Stuart Baker,<br><br>              Defendant - Appellant. | No. 14-10237<br><br>D.C. No. 3:11-cr-00939-RS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,[**] District Judge.

Appellant Craig Ogans appeals his conviction and sentence for bank fraud

(18 U.S.C. § 1344) and identity theft (18 U.S.C. § 1028A).  The district court

denied Ogans' motion to suppress evidence of thirteen bank cards, recovered

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

during the search of a residence, that formed the evidentiary basis for those counts. Because we conclude that Ogans' Fourth Amendment rights were not violated, we affirm.

The record supports the district court's conclusion that Officer Pierucci had lawful access to the cards. Pierucci could search the envelope and read the cards pursuant to the terms of the warrant, which permitted the seizure of cards in the names of Ogans or Joseph Williams. *See United States v. Ross*, 456 U.S. 798, 820-21 (1982). Because the incriminating nature of the cards was immediately apparent to Pierucci, the plain view doctrine justified their seizure. *See Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993).

The fact that Officer DeJesus viewed the cards prior to Pierucci did not render the search unlawful. *See United States v. Ewain*, 88 F.3d 689, 695 (9th Cir. 1996) (holding that "another pair of eyes" does not add to the loss of privacy of a person whose things have been examined pursuant to a warrant). DeJesus' request that his supervisor also examine the cards as part of the search did not violate the Fourth Amendment because Ogans' privacy interests had already been lawfully compromised by DeJesus' viewing of the cards. *See id*.

The case primarily relied upon by Ogans, *United States v. Wright*, 667 F.2d 793 (9th Cir. 1982), is distinguishable because the officers there exceeded the

scope of the warrant by perusing the contents of a ledger beyond what was justified by the warrant's authorization of a search for a license. 667 F.2d at 795-99. Additionally, *Wright* and *United States v. Issacs*, 708 F.2d 1365 (9th Cir. 1983) were issued prior to the Supreme Court's decision in *Horton v. California*, 496 U.S. 128 (1990). *Ewain*, published after *Horton*, establishes that Ogans' argument that multiple officers may not view the same objects while executing a search warrant is untenable in light of *Horton*'s rationale. 88 F.3d at 695. Ogans' Fourth Amendment rights were not violated by the search and seizure of the cards.

**AFFIRMED.**